UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARRIE FRANCISCO,

　　　　　　　Plaintiff,

　　　v.

UNITED STATES SEAFOOD, *et al.*,

　　　　　　　Defendants.

No. CV06-885RSL

ORDER GRANTING MOTION TO AMEND ANSWER

　　　This matter comes before the Court on defendants' "Motion to Amend Answer" (Dkt. #38) and "Motion for Continuance of the Pleading Amendment Cutoff Date." (Dkt. #42).[1] Defendants originally moved to amend their answer under Federal Rule of Civil Procedure 15(a) to include an affirmative defense of "Release of Claims," but appear to have realized after the filing of plaintiff's response that Federal Rule of Civil Procedure 16(b) is the governing rule due to the fact that the deadline for amending pleadings under the Court's case scheduling order expired on July 11, 2007. See Dkt. #11. Defendants then filed an additional motion seeking relief from the Court's deadline for amending pleadings. The Court rules on both motions together in this Order.

　　　Plaintiff is indeed correct that once a court has entered a pretrial scheduling order establishing a timetable for the amendment of pleadings, Federal Rule of Civil Procedure 16(b),

---

[1] The motion was filed on behalf of defendants United States Seafoods, LLC, Ocean Alaska LLC and Seafreeze Alaska LP.

ORDER GRANTING MOTION TO AMEND ANSWER -1

not Rule 15(a), governs. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), a plaintiff must show good cause for failing to amend the complaint before the deadline specified in the scheduling order. <u>Id</u>. Unlike Rule 15(a)'s more liberal standard that looks primarily to the bad faith of the moving party and the prejudice to the opposing party, "[t]his standard 'primarily considers the diligence of the party seeking the amendment.'" <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting <u>Johnson</u>, 975 F.2d at 609). While prejudice to the party opposing the modification might provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). <u>Id.</u> at 1295.

Defendants here concede that their failure to include the Release of Claims as an affirmative defense in their answer was the result of an oversight on the part of counsel. The question for the Court is whether defendants' oversight negates a finding of diligence. Given that defendants raised the issue promptly after being made aware of their omission, the Court believes that allowing defendants to amend their answer is justified under Rule 16(b). That said, the Court believes that plaintiff should not be prejudiced as a result of defendants' failure to amend in a more timely fashion. Therefore, in addition to granting defendants' motion to extend the deadline for amending pleadings, the Court will also extend other relevant deadlines and issue a new case scheduling order to allow plaintiff sufficient time to conduct any necessary additional discovery.

For the foregoing reasons, defendants' motions for an extension of the deadline to amend their answer and for leave to amend their answer are GRANTED. A new case scheduling order will be issued together with this Order.

DATED this 14th day of September, 2007.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO AMEND ANSWER -2