UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARRIE FRANCISCO,

    Plaintiff,

v.

UNITED STATES SEAFOOD, *et al.*,

    Defendants.

No. CV06-885RSL

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

## I. INTRODUCTION

This matter comes before the Court on plaintiff's "Motion to Compel Discovery" (Dkt. #21). For the reasons discussed below, plaintiff's motion is granted in part and denied in part.

## II. FACTUAL BACKGROUND

This case arises out of the death of Cory Francisco, an assistant cook on the vessel SEAFREEZE ALASKA. While in port in Dutch Harbor, Alaska, on June 22, 2004, Mr. Francisco and a number of other crew members, including Jason Jack-Nelson, left the vessel to visit a local bar for the evening. At some point, Mr. Francisco and Mr. Jack-Nelson got into an altercation that resulted in Mr. Francisco being treated at a local clinic and eventually at a hospital in Anchorage, Alaska. Though eventually released from the hospital, Mr. Francisco was found dead in Seattle, Washington on July 2, 2004. Mr. Francisco's widow filed this action and alleges that defendants are responsible for Mr. Francisco's wrongful death.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL -1

The dispute before the Court on this motion involves the sufficiency of defendants' responses to plaintiff's discovery requests. On March 15, 2007, plaintiff served defendants with a number of interrogatories and requests for production. Plaintiff's motion to compel focuses on defendants' response to Interrogatory No. 4 and Request for Production 3.

Interrogatory No. 4 requests the following: "For all persons interviewed regarding this case provide identity of interviewer and interviewee, date and place of interview, subject matter covered, whether there was a recording or signed statement, and identify possessor of said recording or signed statement." Defendants objected on the grounds that the request called for "information covered by the work-product doctrine, attorney-client privilege, and the self-critical analysis privilege." Without waiving objections, defendants also stated that "Cory Francisco wrote a letter . . . produced in initial disclosures," and that he was also interviewed, but that there were no related recordings, transcripts or written statements. Defendants later supplemented their response to include documentation of the conversation between defendants' investigators and Mr. Francisco.

Request for Production 3 seeks the crew list for the vessel at the time of the alleged assault of Mr. Francisco, including the individuals' positions, last known address, and phone number. The request requires that if plaintiff subsequently requests, defendant must produce "next of kin and emergency contact for persons on said crew list whose address and/or phone number is no longer valid after inquiry by plaintiff." Defendant objected and stated the request was over broad and not reasonably calculated to lead to the discovery of admissible evidence. On May 23, 2007, defendants supplemented their response to include the names of Mr. Francisco's and Mr. Jack-Nelson's supervisors and roommates, as well as the crew member who worked with Mr. Francisco in the galley. Defendants further supplemented their response on July 30, 2007 by naming five additional people they believed to have knowledge regarding the incident. Defendants now assert that they have disclosed the names of 37 individuals who they believe have knowledge relevant to plaintiff's claims, including 14 crew members.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL -2

## III.  DISCUSSION

### A.  Identification of Interviewed Witnesses

Defendants argue that plaintiff's request for information relating to the identity of those interviewed improperly seeks to encroach on attorney work product.  See Hickman v. Taylor, 329 U.S. 495 (1947) (materials that "reveal an attorney's strategy, intended lines of proof, evaluation of strengths or weaknesses, and inferences drawn from interviews" are protected attorney work product).  In response, plaintiff relies heavily on American Floral Services, Inc. v. Florists Transworld Delivery Ass'n., 107 F.R.D. 258 (N.D. Ill. 1985).  The Court believes the facts of American Floral are distinguishable from those present in this case.  In American Floral, defendant sought the disclosure of the identity of two individuals who were the source of factual allegations relevant to plaintiff's lawsuit.  Plaintiff responded by identifying a list of 200 individuals who "potentially" had knowledge of the same facts available to plaintiff's sources.  The court concluded that requiring defendant to sort through 200 individuals "smack[ed] of a needle-in-haystack search: time consuming, wasteful and expensive."  Id. at 260-61.  The court went on to find that the disclosure of the identities of the two individuals in questions would reveal nothing about the opposing attorney's "sorting of the wheat from chaff" and would therefore offer no "significant insights" into plaintiff's legal strategy.  Id. at 261-62.  Plaintiff was ordered to disclose the identities of its two sources.

In this instance, the universe of potentially knowledgeable witnesses is 37 individuals, much smaller than the 200 at issue in American Floral.  The more applicable case, therefore, is Board of Education of Evanston Township High School District No. 202 v. Admiral Heating and Ventilating, Inc., 104 F.R.D. 23 (N.D. Ill. 1984), a case also discussed by the court in American Floral.  In Admiral Heating, a price-fixing case involving piping construction companies, plaintiffs' interrogatories asked defendants to identify anyone that they interviewed "concerning meetings, discussions or communications among officers or employees of any competitors with regard to piping construction bids, pricing, customers or territories" as well as the circumstances

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL -3

of those interviews. Id. at 32. The court held that while it was proper to seek the identity of those who had "*knowledge* 'concerning meetings, discussions or communications among officers or employees of any competitors with regard to piping construction bids, pricing, customers or territories,'" it was inappropriate to seek information on "whom defendants interviewed, where and when such interviews took place and whether or not a record was made." Id. (emphasis in original). As the court in American Floral summarized the holding in Admiral Heating:

> in that case the disclosure of all persons interviewed, when coupled with the equally inevitable disclosure of which of them were anticipated witnesses (and therefore which were not), would teach the opponent just which interviewees' information was viewed as gold and which as dross. It would teach the shape of the discovered party's case as surely as the shape of a container teaches the shape of the gas within. It would reveal the conceptual sifting of relevant from irrelevant facts.

107 F.R.D. at 261. The Court concludes that plaintiff's request in interrogatory No. 4 is similar to the one made in Admiral Heating and raises similar concerns. Plaintiff has been given a limited and discrete list of those individuals who may have relevant knowledge. The additional disclosure of information related to defendant's interviews of those individuals would add little to plaintiff's ability to garner relevant information while also posing a significant risk of revealing protected attorney work product. As such, plaintiff's motion to compel with regard to Interrogatory No. 4 is denied.

**B.     Production of Crew Contact Information**

Defendants contend that plaintiff's request for crew contact information is overbroad because "any witness to the events leading up to and including the incident [between Cory Francisco and Jason Jack-Nelson] would have been confined to those individuals who were onshore with the [sic] Mr. Francisco." Defendants also assure plaintiff that the names of all those "with information regarding the events prior to and after the incident" have been already disclosed. The Court disagrees with defendants characterization of the universe of relevant evidence. Though those individuals on shore with Mr. Francisco and Mr. Jack-Nelson are those most likely to have relevant information regarding the incident at issue, other crew members

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL -4

may have witnessed relevant events or conversations leading up to and following the incident itself. Given the liberal discovery rules, plaintiff has demonstrated that crew contact information could lead to admissible evidence. See Hoang v. Trident Seafoods Corp., 2007 WL 1691190, *1 (W.D. Wash. June 7, 2007) (granting motion to compel crew contact list under similar circumstances). The Court does not believe, however, that the disclosure of contact information for crew members next of kin and emergency contact designees is necessary for plaintiff to conduct a thorough investigation. Such disclosure would be of minimal value while burdening the privacy of individuals with only an attenuated connection to the case. In the event that defendants' contact information is out of date, plaintiff has other means at her disposal to locate such individuals. Plaintiff's motion to compel the information sought in Request for Production 3 is therefore granted in part and denied in part.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to compel (Dkt. #21) is GRANTED IN PART and DENIED IN PART.[1]

DATED this 14th day of September, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

---

[1] Plaintiff also moves to strike portions of defendants' response due to defendants' violation of Local Rule 7(e)'s page limitations. Though plaintiff is correct, the Court points out that plaintiff's motion and reply violated a number of local rules as well. First, plaintiff's motion did not include a noting date as required by Local Rule 7(b). Further, plaintiff's reply was filed late without first seeking leave of the Court. Due to violations on both sides, the Court will consider those portions of defendants' response that exceeded the page limits. All parties are now on notice, however, that future violations of the Local Rules will be strictly enforced. The materials that are the focus of plaintiff's remaining motions to strike were not relevant to the Court's resolution of this motion and the motions are therefore denied.